**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARIUS JOSHUA HATHAWAY, AKA Lil Havoc, AKA Quick, | No. 18-35976 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01413-SI |
| v. | MEMORANDUM[*] |
| J. VANDEVER; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Oregon state prisoner Darius Joshua Hathaway appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a failure-to-protect claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Hathaway's action because Hathaway failed to allege facts sufficient to show that defendants were deliberately indifferent to a substantial risk of harm to Hathaway during his altercation with another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to state an Eighth Amendment failure-to-protect claim, an inmate must allege that the deprivation was "objectively, sufficiently serious" and defendants were deliberately indifferent to a substantial risk of harm); *see also id.* at 837 (a prison official is deliberately indifferent if the prison official "knows of and disregards an excessive risk to inmate health or safety").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35976